IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>EDDIE P. POAI,<br><br>        Defendant. | CR. NO. 22-00103 JMS<br><br>ORDER: (1) DENYING MOTION FOR LEAVE TO PERMIT FILING OF DEFENDANT'S MOTION TO DISMISS COUNTS 4, 5, AND 6 OF INDICTMENT, ECF NO. 115; AND (2) DENYING MOTION FOR LEAVE TO PERMIT FILING OF DEFENDANT'S MOTION TO SEVER COUNTS 1, 2, AND 3 FROM COUNTS 4, 5, AND 6, AND FROM COUNTS 7, 8, AND 9, ECF NO. 116 |

**ORDER: (1) DENYING MOTION FOR LEAVE TO PERMIT FILING OF DEFENDANT'S MOTION TO DISMISS COUNTS 4, 5, AND 6 OF INDICTMENT, ECF NO. 115; AND (2) DENYING MOTION FOR LEAVE TO PERMIT FILING OF DEFENDANT'S MOTION TO SEVER COUNTS 1, 2, AND 3 FROM COUNTS 4, 5, AND 6, AND FROM COUNTS 7, 8, AND 9, ECF NO. 116**

## I. INTRODUCTION

Currently before the court are two motions filed by Defendant Eddie P. Poai ("Defendant"): (1) Motion for Leave to Permit Filing of Defendant's Motion to Dismiss Counts 4, 5, and 6 of the Indictment, ECF No. 115 ("Motion for Leave to File Motion to Dismiss"); and (2) Motion for Leave to Permit Filing of Defendant's Motion to Sever Counts 1, 2, and 3 from Counts 4, 5, and 6, and from

Counts 7, 8, and 9, ECF No. 116 ("Motion for Leave to File Motion to Sever"). For the reasons that follow, the court DENIES both motions.

## II. BACKGROUND

On November 10, 2022, Defendant was charged in a nine-count indictment that spans three different time frames: First, counts 1, 2, and 3—all occurring on or about February 11, 2021—charge Defendant with possessing with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (count 1); possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count 2); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count 3). Second, counts 4, 5, and 6—all occurring on or about June 9, 2022—charge Defendant with possessing with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C) (count 4); possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count 5); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count 6). And third, counts 7, 8, and 9—all occurring on or about October 25, 2022—charge Defendant with possessing with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (count 7); possessing a firearm in furtherance of a drug trafficking crime in violation of 18

U.S.C. § 924(c)(1)(A)(i) (count 8); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count 9).  *See* ECF No. 9.

Trial was initially set for January 4, 2023.  ECF No. 13.  The trial date, and a corresponding deadline for the filing of pretrial motions, was then continued several times by stipulation or court order.  In total, the deadlines for filing pretrial motions was continued from November 22, 2022 to April 24, 2023; from April 24, 2023 to September 18, 2023; from September 18, 2023 to December 12, 2023; from December 12, 2023 to February 20, 2024; from February 20, 2024 to April 2, 2024; from April 2, 2024 to June 13, 2024; from June 13, 2024 to October 21, 2024; and from October 21, 2024 to January 13, 2025.  *See* ECF Nos. 13, 16, 33, 35, 39, 41, 55, 62, and 68.  On February 4, 2025, after granting Defendant's Fifth Motion to Continue Trial Date, the court extended the motion deadline until June 2, 2025, but only to raise two issues:  a defense motion based on a cellebrite phone extraction by the government and/or a defense motion based on spoilation of evidence relating to a truck seized by the government that is allegedly no longer available for inspection by Defendant.  *See* ECF Nos. 87 and 91.[1]  To be clear, neither of the motions Defendant presently seeks to file concerns

---

[1] On May 23, 2025, Defendant filed a Sixth Motion to Continue Trial Date and Pretrial Motions Deadline.  ECF No. 109.  That motion was denied by a magistrate judge on May 29, 2025.  ECF No. 113.  Specifically, the court denied the request for leave to file additional pretrial motions.  *Id*. at PageID.1063.  This court does not treat the two Motions for Leave as an appeal of the magistrate judge's order, but instead treats them as
(continued…)

3

the cellebrite extraction or the previously-seized truck.  In other words, Defendant seeks to file two additional motions well past the January 13, 2025 deadline set by the court.

Defendant filed his Motion for Leave to File Motion to Dismiss and Motion for Leave to File Motion to Sever on June 6, 2025.  ECF Nos. 115, 116.  The United States filed a response on June 12, 2025.  ECF No. 118.  The court rules on the motions without a hearing pursuant to Criminal Local Rule 12.2(a)(1).

### III.  ANALYSIS

**A.      Legal Standard**

Federal Rule of Criminal Procedure 12(b)(3) requires certain motions to "be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Further, Rule 12(c)(1) permits a district court to "set a deadline for the parties to make pretrial motions . . . ."  And "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause."  Rule 12(c)(3).[2]  A party who fails to meet the pretrial motion deadline without a showing of good

---

separate motions for this court's consideration.  In other words, the court rules on the Motions for Leave de novo, applying Rule 12 standards.

[2] Likewise, Criminal Local Rule 12.2(a)(1) requires, absent a showing of good cause, all motions and responses to be filed by the deadlines established by the court in a Criminal Scheduling Order.

cause waives pretrial objections. *See, e.g., United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021). Here, Defendant admits that he has failed to meet the pretrial deadline, but argues that he has good cause for doing so.[3]

"To obtain relief from waiver under Rule 12[(c)], a party must present a legitimate explanation for his failure to raise the issue in a timely manner." *United States v. Anderson*, 472 F.3d 662, 670 (9th Cir. 2006); *see also United States v. Baker*, 713 F.3d 558, 561 (10th Cir. 2013) (finding a lack of good cause when sufficient information is available to enable defense counsel to frame an argument). The determination of whether good cause exists "lies in the discretion of the district court." *Anderson*, 472 F.3d at 669 (quoting *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003)). Good cause is "a flexible standard that requires consideration of all interests in the particular case." Fed. R. Crim. P. 12(c)(3), 2014 advisory committee notes. "Neither a strategic decision nor inadvertence constitutes good cause." *United States v. Andres*, 960 F.3d 1310, 1316 (11th Cir. 2020) (stating that the law is "clear" that no good cause exists if a

---

[3] Both of Defendant's proposed motions fall under Rule 12(b)(3). The proposed Motion to Sever, brought under Federal Rules of Criminal Procedure 8 and 14, falls under Rule 12(b)(3)(B)(iv) (relating to a motion based on improper joinder) and Rule 12(b)(3)(D) (relating to motions brought under Rule 14). *See* ECF No. 116-1. And the proposed Motion to Dismiss, based on a claim that the government violated Defendant's due process rights by failing to preserve evidence, falls under Rule 12(b)(3)(A). *See* ECF No. 115-1 and *United States v. Mausali*, 590 F.3d 1077, 1080 (9th Cir. 2010) (finding that a due process claim of outrageous government conduct falls under Rule 12(b)(3)(A) as a motion alleging a "defect in instituting the prosecution").

defendant has all the information necessary to bring a motion before the pretrial motion deadline); *United States v. Sok*, 115 F.4th 251, 263 (3d Cir. 2024) (stating that good cause is not met by "mere inadvertence of counsel" and the failure to offer "any colorable explanation" does not suffice to show good cause) (citations omitted).  Further, courts have determined

> that good cause exists when a party could not have timely submitted the motion because of a late production of discovery materials; an intervening change in the law; or recently discovered evidence that was not readily available.  Conversely, an "inexcusably dilatory" motion does not establish good cause.

*United States v. Loo*, 2025 WL 1582283, at *2 (W.D. Wash. June 4, 2025) (internal citations omitted).

**B.     Defendant Has Failed to Demonstrate Good Cause for Either the Motion for Leave to File Motion to Dismiss or the Motion for Leave to File Motion to Sever**

Defendant relies on similar facts to support a finding of good cause as to both Motions for Leave.  For example, Defendant claims that it is in the interests of justice to have each Motion to Dismiss resolved on the merits, that the government will suffer no prejudice,[4] and both parties would benefit from a pre-trial ruling.  ECF No. 115 at PageID.1064–1065; ECF No. 116 at PageID.1216.

---

[4] The government disputes this point, claiming that it has already begun to prepare for trial, and responding to the motions "will take up government time and resources." ECF No. 118 at PageID. 1491.  Regardless, as set forth below, Defendant has failed to show good cause to permit the late filings.

Defendant also points out that the case involves over 2,600 pages of discovery, involving three separate incidents, and that the case has been a "massive" undertaking.  ECF No. 115 at PageID.1067; ECF No. 116 at PageID.1218.  But, as defense counsel herself admits as to both Motions for Leave, "[t]his issue should have been caught by counsel prior to the pretrial motions deadline, but it was not" and that counsel offers no excuses, only explanations.  ECF No. 115 at PageID.1067–1068; ECF No. 116 at PageID.1219.[5]  But the explanation offered is simply that counsel missed the deadline, without a showing of good cause.

      Despite making best efforts, Defendant proffers no "legitimate explanation" for the failure to file both motions in a timely manner.  *Anderson*, 472 F.3d at 670.  Defendant's current counsel had represented Defendant since October 2023, ECF No. 37, but provides no explanation as to why the Motions could not have been filed by the January 13, 2025 deadline (again, in fact, she admits that the issue should have—but was not—"caught by counsel" prior to the motion deadline).  The absence of any explanation is fatal to a finding of good cause.  As a

---

[5]  And the government points out, in its opposition, that police reports produced in discovery in November 2022 and again in October 2023 make it clear that certain items were not seized during the execution of a search warrant—the very basis for the proposed Motion to Dismiss.  *See* ECF No. 118 at PageID.1490.  And the basis for the proposed Motion to Sever as to Rule 8 is apparent from the face of the Indictment.  *See United States v. Jawara*, 474 F.3d 565, 577 (9th Cir. 2007) (stating that under Rule 8, a court's inquiry "is confined to allegations in the indictment" and thus offers a more limited basis for analysis than the more flexible considerations under Rule 14).  Regardless, Defendant provides no real explanation as to why both motions could not have been timely filed.

result, the Motion for Leave to File Motion to Dismiss and the Motion for Leave to File Motion to Sever are DENIED.

## IV.  CONCLUSION

For the foregoing reasons, the court: (1) DENIES Defendant's Motion for Leave to File Motion to Dismiss, ECF No. 115; and (2) DENIES Defendant's Motion for Leave to File Motion to Sever, ECF No. 116.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

8